IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-00137-BO

| | |
|---|---|
| DEMETRIA DARDEN, )<br>      Plaintiff, )<br>v. )<br> )<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security* )<br>      Defendant. ) | O R D E R |

This matter is before the Court on plaintiff's motion for summary judgment, [DE 17], and defendant's motion to remand for further administrative proceedings, [DE 21]. A hearing was held in Raleigh on 5 October 2023. The motions are ripe for ruling. For the following reasons, the Court grants plaintiff's motion, denies the defendant's motion, and reverses the Commissioner's decision.

## BACKGROUND

Plaintiff Demetria Darden brough this action under 42 U.S.C. § 405(g) for review of the Commissioner's decision denying her application for a claim of a period of disability and disability insurance benefits under Title II and Title XVI of the Social Security Act. Darden applied for disability insurance benefits in late 2017, alleging an onset date of 13 June 2018. Her application was denied, and she proceed to a hearing before an Administrative Law Judge ("ALJ'). The ALJ rendered an unfavorable decision on 5 November 2019, which became the final decision of the Commissioner when the Appeals Council denied Darden's request for review. (*See* Transcripts 147–50, [DE 11–15] (hereinafter "Tr."); Compl., [DE 5].)

After her request for review was denied, Darden did two things: first, she applied for supplemental security income under Title XVI. Second, she filed an action in the United States District Court for the Eastern District of North Carolina seeking judicial review of the Commissioner's decision on her first claim. Presiding over the case, Judge Flanagan remanded for further administrative proceedings. The Appeals Council then vacated the Commissioner's final decision and remanded the matter back to the ALJ who consolidated Darden's claim for disability insurance benefits and supplemental security income. (*See* Tr. 1921–22, 1944–45, 1948–49, 2053–60.)

On 18 July 2022, the ALJ rendered an opinion that plaintiff was not disabled and denied both claims for benefits. Darden then filed another action seeking review of the Commissioner's decision in this Court. (*See* Tr. 1791–1813; Compl., [DE 5].)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks and citation omitted). When reviewing the ALJ's decision, the Court's role is not "to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ. However, [the Court] do[es] not reflexively rubber-stamp and ALJ's findings." *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (cleaned up) (internal quotation marks and citation omitted). "To pass muster, ALJs must build an accurate

2

and logical bridge from the evidence to their conclusions." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023).

## DISCUSSION

To be disabled according to the Social Security Act is to be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be excepted to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). And an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine disability, a sequential five-step process is employed. The process stops if a finding as to disability is made at any step. 20 C.F.R. § 404.1520(a)(4). From steps one to four the claimant has the burden of proof with the burden only shifting to the Commissioner at step five. *See, e.g.*, *Mascio v. Colvin*, 780 F.3d 532, 634–35 (4th Cir. 2015). Turning to the five steps, the claimant must first prove that she is not currently engaged in substantial gainful activity. Second, the claimant must prove that her impairment (or combination of impairments) is "severe" in that it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Third, the claimant must prove the impairments, individually or combined, are compared to those listed at 20 C.F.R. Part 404, Subpart P, App. 1. A. If any of the impairments meet or equals one of listed impairments—colloquially known as the "Listings"— the Claimant is disabled. If a conclusive determination cannot be made at the third step, the claimant moves on.

3

Yet before the claimant reaches step four, some intermediary findings are necessary. Specifically, the claimant's residual functional capacity ("RFC") must be determined. RFC is the maximum a claimant can still do despite the physical and mental impairments that affect her ability to work. 20 C.F.R §§ 416.945(a)(1), 404.1545; *Mascio*, 780 F.3d at 635. Then at step four the claimant's RFC and past relevant work are assessed. If the claimant can do her past relevant work, then she is not disabled; if the claimant cannot do her past relevant work, then she moves on to step five where the Commissioner has the burden. Finally, at step five the claimant's RFC, age, education, and work experience are considered to determine if the claimant can still perform other substantial gainful work. If the plaintiff cannot do so, then she is disabled.

Turning to the ALJ's decision, the ALJ concluded at the first step that Darden has not engaged in substantial gainful activity since June 13, 2013, her alleged onset date. At the second step, the ALJ concluded that Darden proved that her ability to perform basic work activities is significantly limited by the following impairments: osteoarthritis of the knees with chondromalacia of the patella, enthesopathy of the hips, trochanteric bursitis, degenerative disc disease with spondylolisthesis, gout, congestive heart failure, hypertension, diabetes mellitus, chronic kidney disease, and obesity. At step three, the ALJ compared Darden's to the Listings and concluded that none of her impairments meets or equals, medically, the severity of the one of Listings.

On the way to step four, the ALJ found that Darden has the RFC "to perform light work[1] except that she can occasionally climb, crawl, and kneel." The ALJ also found that Darden's knees cannot flex past 110 degrees when she sits and that she can never stoop or crouch. Because of Darden's RFC, the ALJ concluded at step four that Darden is unable to perform her past relevant work. Tr. 1811. At the fifth and final step, the ALJ—after considering both the testimony of the

---

[1] For the purposes of both disability insurance benefits and supplemental security income, light work is defined identically. *See* 20 CFR. § 404.1567(b) (DBI provision), 419.967(b) (SSI provision).

4

vocational expert and Darden's "age, education, residual functional capacity, and transferable work skills"—found that Darden is not disabled.

Darden raise two assignments of error: first, that the ALJ's conclusion as to Darden's RFC of light work is flawed because the ALJ failed to perform a function-by-function analysis of her ability to stand and walk as contemplated by the light work RFC. Next, Darden argues that the ALJ's assessment of her treating orthopedist, Dr. Robert Satterfield, was error.

"In evaluating a disability claim, an 'ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 98 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (cleaned up)). Furthermore, with respect to the RFC, an ALJ must determine, among other things, how the claimant's physical impairments affect the claimant's ability to work on a function-by-function basis. *Dowling*, 986 F.3d at 387. To that end, pain matters. "[A]n ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." *Mascio*, 780 F.3d 632

The ALJ failed to account for Darden's testimony regarding her impairment-related pain. When a claimant demonstrates through objective medical evidence that she has an impairment reasonably likely to cause pain, the claimant may rely on subjective evidence to demonstrate the degree or extent of her pain. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). The ALJ acknowledged that objective medical evidence in the record demonstrates that Darden's impairments are reasonably likely to cause her pain. Tr. 1801–02. Darden, moreover, testified at the hearing that her impairments cause her significant pain. Because of this pain, she can only sit, stand, or walk for ten to fifteen minutes at a time and has trouble lifting more than five to ten pounds. Tr. 1843–46. Despite concluding that Darden's impairments could reasonably be expected

5

to cause her pain, the ALJ dismissed her pain as "not entirely consistent with the medical evidence and other evidence in the record." Tr 1801–02.

That conclusion rested in part on Darden's ability to perform daily life activities. That line of reasoning is fair game. An ALJ, however, cannot consider the kind of activities that a claimant can do without considering the extent to which she can do them. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) *superseded on other grounds as recognized in Rogers v. Kijakazi*, 62 F.4th 872 (4th Cir. 2023). Yet that is exactly what the ALJ did here. The ALJ used Darden's ability to cook for herself, her ability to drive to the grocery store or to doctor's appointments, and her ability to perform household chores in support of a finding of no disability. But the ALJ never accounted for Darden's testimony that her ability to cook was limited by her inability to lift pots with water in them, or bend down and take things out of the oven, or that she can cook at the stovetop because she props herself up; that she needed to use a grocery care as support when driving; that she quit singing in her church choir because it would require her to stand; that when she does go to church she cannot make it through an entire service because of the pain and discomfort. And the ALJ also failed to note the pain that limits her sleep to four to five hours a night. This record, when read as a whole, reveals not only that the ALJ's conclusion as to Darden's ability to perform light work is inconsistent with her ability to perform daily activities but also that the ALJ's conclusion is not supported by substantial evidence. *See Arakas*, 983 F.3d at 100 (concluding that substantial evidence did not support the ALJ's decision because the ALJ selectively cited evidence and improperly disregarded qualifying statement, resulting in the ALJ's failure "to build an accurate and logical bridge from the evidence to [the ALJ's] conclusion." (internal quotation marks and citation omitted)).

6

Case 4:22-cv-00137-BO-RJ   Document 27   Filed 11/15/23   Page 6 of 8

In sum, the ALJ's conclusion is not built on a logical bridge from the evidence: The record is replete with evidence detailing plaintiff's gait, knee tenderness, quadriceps atrophy, and back and knee pain. *See, e.g.*, Tr. 762, 1843–48, 2347, 2918, 2924–25, 3057, 3120. Privileging some examiners' conclusions as to Darden's gait and mobility does not evince a logical connection when those conclusions are taken out of the vacuum and situated in the record as a whole. *See Oakes*, 70. F.4th at 214. Furthermore, it was error to extrapolate from Darden's limited ability to perform daily activities that she could perform work related activities eight hours a day for five days a week. *Id.* at 216.

The Commissioner has a different view of what follows from the record. Still, the Commissioner does not argue that this Court should affirm the ALJ's decision. Instead, the Commissioner contends that another remand is appropriate because there is evidence in the record that points against disability. Whether to remand for a new decision or reverse for an award of benefits, however, is within this Court's discretion. *Edwards v. Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). And Courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas*, 983 F.3d at 111.

The record clearly establishes that Darden suffers from pain that severely limits her ability to stand or walk during the day much less lift objects. An RFC of light work, which requires a good deal of walking or standing, is beyond Darden's capabilities given her physical impairments and accompanying pain. Additionally based on plaintiff's advanced age, her education, and work experience, a finding of disability would be directed if plaintiff were to be limited to sedentary as opposed to a reduced range of light work. The vocational expert, moreover, testified that if Darden

7

was able to perform only sedentary work, she would be unable to perform her past relevant work and possesses no transferable skills from that work to sedentary work. Tr. 1848, 1859. Accordingly, remand would serve no purpose because the record establishes that plaintiff is entitled to benefits as of her 50th birthday, which occurred on 5 August 2018.[2]

## CONCLUSION

For these reasons, Defendant's motion to remand [DE 20] is DENIED. Plaintiff's motion for summary judgment [DE 17] is GRANTED. The decision of the Commissioner is REVERSED and benefits are AWARDED as of 5 August 2018. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this __14__ day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] To tie up a loose end, because the Court concludes that Darden's first assignment of error warrants reversal of the ALJ's decision and an awarded of benefits, it need not address her second assignment of error—that the ALJ erred in assessing Dr. Satterfield's opinion.

8